IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LYNN FREGEAU, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 06 C 5097 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| LIFE INSURANCE COMPANY OF NORTH ) | |
| AMERICA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Lynn Fregeau has sued defendant Life Insurance Company of North America under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), seeking to recover long term disability benefits ("LTD") that she contends were due under an employee welfare benefit plan ("Plan") established by her former employer. Defendant, which had issued a group insurance policy that insures LTD benefits under the Plan, counterclaims seeking a reimbursement of an overpayment of benefits paid. Plaintiff has moved to dismiss the counterclaim under Fed. R. Civ. P. 12(b)(1), (6) for lack of jurisdiction and/or failure to state a claim upon which relief can be granted. For the reasons set forth below, that motion is denied.

## BACKGROUND

Prior to June 18, 2004, plaintiff was employed on a full time basis by Receivable Management Services Corporation. On June 18, 2004, plaintiff had to cease working due to asthma, reactive airway dysfunction syndrome and vocal chord dysfunction, and has not engaged in any substantial gainful activities since that date. Sometime after June 18, 2004, plaintiff made a claim for benefits under the Plan. Defendant approved the claim and paid plaintiff LTD benefits from September 16, 2004 to May 26, 2005, at which time defendant terminated the

benefits contending that plaintiff no longer met the definition of disability. Plaintiff filed an administrative appeal which defendant denied.

On October 27, 2005, the Social Security Administration determined that plaintiff had been disabled since June 2004 and awarded her retroactive social security disability ("SSD") benefits going back to at least September 2004 in the amount of $1,803 per month. Under the insurance policy issued by defendant pursuant to the Plan, an employee's monthly LTD benefits is equal to her gross benefit (60% of "covered earnings") minus any "Other Income Benefits" payable to the employee. "Other Income Benefits" are defined to include SSD benefits. As a result of the retroactive award of SSD benefits, defendant claims to have overpaid plaintiff's LTD benefits by approximately $8,300. Plaintiff has refused to reimburse defendant, despite the provision in the insurance policy and a separate reimbursement agreement executed by her on May 3, 2005, obligating her to do so.

## **DISCUSSION**

Plaintiff has moved to dismiss the counterclaim arguing that the court lacks jurisdiction and/or the counterclaim fails to state a claim. Defendant argues that jurisdiction is proper under § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), which provides that a fiduciary may bring a civil action:

> (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the Plan, or (B) to obtain other appropriate equitable relief (i) to address such violations or (ii) to enforce any provisions of this subchapter or the terms of the Plan.

To invoke § 502(a)(3)(B) jurisdiction, a plan fiduciary must seek a category of relief typically available in equity. Sereboff v. Mid Atlantic Medical Services, Inc., __ U.S. ___, 126 S.Ct. 1869, 1874 (2006). In the instant case, defendant purports to assert a claim for restitution,

2

arguing that it has an equitable lien by agreement over the overpayment of LTD benefits to plaintiff based on the insurance policy and reimbursement agreement.

The scope of a district court's remedial power under § 502(a)(3)(B) has been the subject of much litigation. In <u>Mertens v. Hewitt Associates</u>, 508 U.S. 248, 255-56 (1993), the Supreme Court construed the provision to authorize only "those categories of relief that were typically available in equity," rejecting a claim because it sought nothing more than compensatory damages. Nine years later, in <u>Great-West Life & Annuity Insurance Co. v. Knudson</u>, 534 U.S. 204 (2002), the Court held that not all relief falling under the rubric of restitution constitutes "appropriate equitable relief". Only where "money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession" can restitution properly be classified as equitable. <u>Id</u>. at 213 (internal citation omitted). "[F]or restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession." <u>Id</u>. at 214.

In <u>Knudson</u>, the plan reserved a first lien on any recovery, either by settlement, judgment or otherwise, that the beneficiary received from a third party. After Knudson was injured in a car accident, Great-West paid her medical benefits. When Knudson recovered in tort from a third party for her injuries, Great-West sought to collect from her for the medical bills it had paid. <u>Id</u>. at 207-09. After reviewing the case law on the categories of relief typically available in equity, and concluding that a feature of equitable restitution was that it sought to impose a constructive trust or equitable lien on a particular fund or property in the defendant's possession, the court concluded that the requirement was not met because "the funds to which petitioners

3

claimed an entitlement were not in Knudson's possession, but had instead been placed in a 'Special Needs Trust' under California law." Id. at 214. Therefore, the kind of relief sought by Great-West was "not equitable – the imposition of a constructive trust or equitable lien on particular property – but legal – the imposition of personal liability for the benefits that [Great-West] had conferred upon [Knudson]." Id.

The Court found no such impediment to characterizing the relief sought as equitable in Sereboff, 126 S.Ct. 1869, a case with facts similar to Knudson. The employer sponsored health plan in Sereboff provided for payment of certain covered medical expenses contained in "Act of Third Parties" provision which applied when a beneficiary was "sick or injured as a result of the act or omission of another person or party," and required a beneficiary who received benefits under the plan for such injuries to reimburse [Mid-Atlantic][1] for those benefits for all recoveries from a third party whether by lawsuit, settlement or otherwise.

The Sereboffs were injured in an automobile accident. The plan paid their medical expenses. The Sereboffs filed a tort action in state court against several third parties, seeking compensatory damages for injuries suffered as a result of the accident. Shortly after the suit was filed, Mid-Atlantic sent the Sereboffs a letter asserting a lien on the anticipated proceeds from the suit for the medical expenses Mid-Atlantic had paid on the Sereboffs' behalf. The Sereboffs eventually settled their tort suit for $750,000 but refused to repay anything to Mid-Atlantic on its claimed lien which, after all payments by Mid-Atlantic on the Sereboffs behalf, totaled $74,869.37. Mid-Atlantic sued the Sereboffs under § 502(a)(3), seeking to collect the medical

---

[1] Mid Atlantic Medical Services, Inc. Was the plan administrator and brought suit on behalf of the plan.

expenses it had paid on the Sereboffs' behalf. During the pendency of the case, the Sereboffs, who had already received the settlement proceeds, agreed to preserve the claimed amount ($74,869.37) in an investment account. The district court found in Mid-Atlantic's favor and the Fourth Circuit affirmed in relevant part. Id. at 1872.

The Supreme Court first determined that Mid-Atlantic's case for characterizing its relief as equitable did not falter because of the nature of the recovery it sought, distinguishing the case from Knudson because Mid-Atlantic sought an equitable lien on specifically identifiable funds in the Sereboffs' possession, unlike in Knudson where Great-West had claimed an interest in funds held by a third party but sought recovery of the amount of those funds from Knudson's general assets. Id. at 1874. The Court then to determined whether the basis of Mid-Atlantic's claim was equitable, because whether a remedy is legal or equitable depends on both the basis of the claim and the nature of the remedies sought. Id. Because the plan provision in question specifically identified a particular fund distinct from the Sereboff's general assets (all recoveries from a third party) and a particular share of that fund to which Mid-Atlantic was entitled (that portion of the total recovery that was due Mid-Atlantic for benefits paid), the Court concluded that the claim was equitable. Id. at 1875. Additionally, because the plan provision created an "equitable lien by agreement," the strict tracing rule, i.e. a requirement that the plan fiduciary trace the monies to a particular fund or asset, was not applicable. Id. at 1874-76.

In the instant case, defendant argues that Sereboff controls and that it can maintain its counterclaim for reimbursement of overpayment of LTD benefits under § 502(a)(3). Plaintiff does not dispute Sereboff's application, but argues that defendant seeks a constructive trust or

equitable lien on SSD benefits, which are protected from such liens by 42 U.S.C. § 407(a), which provides:

> The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the monies paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, or to the operation of any bankruptcy or insolvency laws.

Plaintiff argues that the keystone to Sereboff was a finding that the insurer could assert a lien right over the proceeds of the personal injury suit, thus satisfying equity's requirement that a specific fund be identified. In the instant case, according to plaintiff, the specific fund is the SSD benefits received by plaintiff; because those benefits are statutorily protected, defendant merely has a claim to dollars, which is legal, not equitable in nature.

Plaintiff's argument is based on a misreading of defendant's counterclaim and the Plan provision and agreement upon which the claim is based. In both Knudson and Sereboff the plans provided for a lien on funds received by the beneficiary from third party sources. The insurer in those cases had paid benefits directly to medical service providers. No money was paid directly from the insurer to the beneficiary.

In the instant case, the Plan created the lien not on a fund received from a third party, but on a fund advanced directly to plaintiff by defendant in excess of what plaintiff would be ultimately entitled. At the time defendant paid the LTD benefits to plaintiff, defendant was entitled to reduce those payments by an estimate of the amount plaintiff was assumed to receive from other sources. In a separate agreement defendant agreed not to reduce the benefits by that estimated amount, in exchange for plaintiff's agreement to reimburse the full amount of any overpayment. That agreement creates an equitable lien by agreement on the excess funds paid to

6

plaintiff by defendant in advance of plaintiff's receipt of funds from other sources, not on the funds actually received from those other sources. Therefore, because the lien is on the money paid by defendant to plaintiff, not on SSD benefits received by plaintiff, § 407(a) does not apply. Additionally, because the lien was created by agreement, under <u>Sereboff</u> defendant does not have to trace the specific funds to any particular account or property.

Plaintiff's reliance on <u>Mote v. Atna Life Insurance Co.</u>, 435 F. Supp. 2d 827 (N.D. Ill. 2006), in which the court suggested that any funds placed in an account in which SSD benefit funds have been placed are protected by § 407(a) is misplaced. First, it is entirely possible that plaintiff has funds in accounts untainted by SSD benefits, something that cannot be determined on a motion to dismiss. Moreover, <u>Mote</u>'s conclusion that all commingled funds are protected are protected by § 407(a) has been questioned in <u>Smith v. Accenture United States Group Long-Term Disability Insurance Plan</u>, 2006 WL 2644957 at *4 (N.D. Ill. 2006). Therefore, the court concludes that it has subject matter jurisdiction over the counterclaim under 29 U.S.C. § 1132(a)(b), and that a claim is stated.

## CONCLUSION

For the reasons set forth above, plaintiff's motion to dismiss defendant's counterclaim is denied.

**ENTER:** May 25, 2007

_____
 **Robert W. Gettleman
 United States District Judge**